**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Kevin A. Belt,<br><br>                Plaintiff,<br><br>    v.<br><br>Crocs, Inc.; Hey Dude Shoes,<br><br>                Defendants. | Case No. 2:24-cv-00582-APG-DJA<br><br>**Order** |

This matter is before the Court on Plaintiff's three amended complaints (ECF Nos. 4, 8, 11) and two motions for entry of clerk's default (ECF Nos. 12, 13). The Court clarifies which complaint is the operative one. The Court also provides Plaintiff with instructions to serve the now-operative complaint. Because Plaintiff has not yet served the operative complaint on Defendants, the Court denies his motions for entry of clerk's default as moot.

**I.    Background.**

Plaintiff initiated this action on March 26, 2024 by filing an application to proceed *in forma pauperis* (ECF No. 1) and a complaint (ECF No. 1-1) (the "March 26 Complaint"). Plaintiff then filed an amended complaint on April 12, 2024. (ECF No. 4) (the "April 12 Complaint"). However, the April 12 Complaint did not appear on the docket until April 15, 2024, the same day that the Court entered its order screening the March 26 Complaint. (ECF No. 5).

In its screening order, the Court dismissed Plaintiff's claims against Andrew Rees and Rick Blackshaw without prejudice and gave Plaintiff leave to amend. (ECF No. 5 at 13). It allowed his Title VII claims for race and national origin discrimination and retaliation to proceed against Defendants Crocs, Inc. and Hey Dude Shoes. (*Id.* at 11). It also gave Plaintiff instructions on how to serve Crocs and Hey Dude. (*Id.* at 11-12).

Plaintiff filed an amended complaint on April 23, 2024. (ECF No. 8) (the "April 23 Complaint"). But Plaintiff later served Defendants with the March 26 complaint. (ECF No. 9);

(ECF No. 10); (ECF No. 14 at 4).  Plaintiff amended his complaint again on May 29, 2024.  (ECF No. 11) (the "May 29 Complaint").  Plaintiff then moved for entry of clerk's default against both Defendants, claiming that they had not filed an answer or response.  (ECF No. 12); (ECF No. 13).

Defendants responded to both motions for default, explaining that default is not appropriate because Plaintiff has never served them with the operative complaint in this matter, having amended substantively multiple times after service.  (ECF No. 14); (ECF No. 15).  They add that they are willing to waive service if Plaintiff requests.  In the alternative, they state that Plaintiff can serve them with the operative complaint.

### III. Discussion.

Under Federal Rule of Civil Procedure 15(a)(1)(A), a party may amend its pleading once as a matter of course no later than 21 days after serving it.  Plaintiff served his initial complaint on Hey Dude and Crocs on May 6, 2024 and May 14, 2024, respectively.  He filed the May 29 Complaint less than twenty-one days later.  Because Plaintiff timely filed his May 29 Complaint, and because amended complaints generally supersede original complaints, the Court finds that the May 29 Complaint is the operative complaint.  *See Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012).

The Court does not re-screen Plaintiff's May 29 Complaint because re-screening is not warranted here.  In screening Plaintiff's initial complaint, the Court allowed his Title VII race and national origin discrimination claim and his Title VII retaliation claim to proceed against Defendants Crocs Inc. and Hey Dude Shoes.  (ECF No. 5 at 11).  In the May 29 Complaint, Plaintiff does not allege different claims than his original complaint or add new defendants.  (ECF No. 11).  He simply adds certain additional facts, exhibits, and demands for relief.  (ECF No. 11 at 15-17, ¶¶ 41-44); (*Id.* at 21, ¶¶ 18-21); (*Id.* at 22).  Additionally, numerous judges in this district and courts within the Ninth Circuit have adopted the rationale that, where a complaint has survived screening, courts are not compelled to re-screen amended complaints.  *See Collins v. NDOC*, No. 2:22-cv-01795-CDS-BNW, 2024 WL 2061010, at *2 n.1 (D. Nev. Jan. 26, 2024) (collecting cases).

The Court thus clarifies that the May 29 Complaint (ECF No. 11) is the operative complaint. Plaintiff must serve this complaint on Crocs and Hey Dude. Alternatively, he may request that Crocs and Hey Dude waive service under Federal Rule of Civil Procedure 4(d).[1] Because he has already amended his complaint once as a matter of course under Federal Rule of Civil Procedure 15(a)(1), Plaintiff may not amend his complaint again without seeking leave of Court. *See* Fed. R. Civ. P. 15(a)(2). Because Plaintiff has not served the operative complaint on Crocs and Hey Dude, the Court denies Plaintiff's motions for entry of clerk's default as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's motions for entry of clerk's default (ECF Nos. 12, 13) are **denied as moot.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to issue summonses for Crocs, Inc. and Hey Dude Shoes.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to deliver the summonses for Crocs, Inc. and Hey Dude Shoes and two copies of the operative complaint (ECF No. 11) to the U.S. Marshals Service ("USMS") for service.[2]

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff two copies of Form USM-285.[3]

**IT IS FURTHER ORDERED** that Plaintiff must complete a USM-285 form for each Defendant and provide an address where each Defendant can be served with process. Once completed, Plaintiff must provide the completed USM-285 forms to the U.S. Marshals Service. Plaintiff shall have until **September 16, 2024** furnish the USMS with the required form.

---

[1] Forms for waiver of service can be found on the Court's website at https://www.nvd.uscourts.gov/court-information/forms/

[2] Because Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, he is entitled to rely on the United States Marshal Service for service. *See* Fed. R. Civ. P. 4(c)(3).

[3] The USM-285 form is also available at: https://www.usmarshals.gov/resources/forms/usm-285-us-marshals-process-receipt-and-return

**IT IS FURTHER ORDERED** that upon receipt of the issued summonses, the USM-285 forms, and the copies of the operative complaint—and pursuant to Federal Rule of Civil Procedure 4(c)(3)—the USMS shall attempt service upon the Defendants.

**IT IS FURTHER ORDERED** that, within twenty days after receiving from the USMS a copy of the form USM-285 showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the Defendants were served. If Plaintiff wishes to have service again attempted on a Defendant, he must file a motion with the Court identifying the Defendant and specifying a more detailed name and/or address for that Defendant or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **November 13, 2024** to accomplish service on Defendants under Federal Rule of Civil Procedure 4(m).

**IT IS FURTHER ORDERED** that from this point forward, Plaintiff shall serve upon the Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants. The Court may disregard any paper received by a district judge or magistrate judge that has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk that fails to include a certificate of service.

DATED: August 15, 2024

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE