Suzanne L. Martin
Nevada Bar No. 8833
suzanne.martin@ogletree.com
Kathryn C. Newman
Nevada Bar No. 13733
kathryn.newman@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W. Charleston Blvd., Suite 500
Las Vegas, NV  89135
Telephone:  702-369-6800
Fax:  702-369-6888

*Attorneys for Defendants Crocs Inc. and Hey Dude, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN A. BELT,<br><br>    Plaintiff,<br><br>vs.<br><br>CROCS INC.; HEY DUDE SHOES,<br><br>    Defendants. | Case No.:  2:24-cv-00582-APG-DJA<br><br>**JOINT STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>(First Request) |

Pursuant to LR IA 6-1 and LR 26-3, Plaintiff Kevin A. Belt ("Plaintiff") and Defendants Crocs, Inc. ("Defendant Crocs") and Hey Dude, Inc.[1] ("Defendant Hey Dude") (collectively "Defendants") (collectively "the Parties"), hereby stipulate and request that the Court extend the discovery deadlines for sixty (60) days in this case. If granted, this will be the first extension of the Joint Discovery Plan and Scheduling Order in this matter (ECF No. 28). This request is made in good faith and is not for the purpose of delay and is supported by good cause and a showing of excusable neglect.

## I.   RELEVANT PROCEDURAL BACKGROUND

Plaintiff filed his Complaint in this Court on  March 26, 2024. (ECF No. 1-1.) Plaintiff filed his First Amended Complaint on April 23, 2024. (ECF No. 8.) Plaintiff filed his Second Amended

---

[1] Defendant Hey Dude, Inc. is incorrectly named in the Third Amended Complaint as "Hey Dude Shoes."

-1-

Complaint on May 29, 2024. (ECF No. 11.) On May 29, 2024 and June 6, 2024, Plaintiff filed Motions for Entry of Clerk's Default. (ECF Nos. 12, 13.) Defendants filed their Responses to Plaintiff's Motions for Entry of Clerk's Default on June 12, 2024. (ECF Nos. 14, 15.) The Court ordered Plaintiff's Motions for Entry of Clerk's Default moot on August 15, 2024. (ECF No. 17.)

Defendant Hey Dude filed its Answer to Plaintiff's Second Amended Complaint on October 2, 2024. (ECF No. 20.) Defendant Crocs filed its Answer to Plaintiff's Second Amended Complaint on October 11, 2024. (ECF No. 21.) Plaintiff filed a Response to Hey Dude Shoes Answer on October 11, 2024. (ECF No. 24.) On October 16, 2024, Plaintiff filed a Response to Crocs, Inc.'s Answer. (ECF No. 26.)

On November 1, 2024, the Court entered an Order adopting the Parties' proposed Joint Discovery Plan and Scheduling Order (ECF No. 21), setting the following deadlines:

- Expert Disclosures – February 10, 2025;
- Rebuttal Expert Disclosures – March 12, 2025;
- Discovery Cut-Off Date – April 9, 2025.
- Dispositive Motion – May 9, 2025.
- Joint Pretrial Order – June 9, 2025.

On November 8, 2024, the Parties participated in an Early Neutral Evaluation with U.S. Magistrate Judge Weksler. (ECF No. 30.) The Parties were not able to resolve the matter during that proceeding and the case was returned to the litigation track. (*Id.*)

Plaintiff moved to amend his Complaint on November 18, 2024 (ECF No. 31) and submitted a stray filing in support of that motion on December 4, 2024 (ECF No. 34). Defendants opposed the motion to amend and moved to strike the stray filing. (ECF Nos. 35, 36.) The Court denied Plaintiff's motion to amend without prejudice and ordered that the stray filing be stricken on February 26, 2025. (ECF No. 38.)

II. **<u>INFORMATION REQUIRED BY LOCAL RULE 26-3</u>.**

Pursuant to LR 26-3, the Parties provide the following additional information to the Court in connection with their request for an extension of the discovery deadlines:

**A.     Statement Of Discovery That Has Been Completed.**

Defendants and Plaintiff exchanged their initial disclosures on November 7, 2024. Defendant Hey Dude made its First Supplemental Disclosure on December 5, 2024.

Defendant Crocs served Plaintiff with Requests for Admission on December 5, 2024. Plaintiff requested extensions of time to respond. Plaintiff responded on February 13, 2025.

Defendant Hey Dude served Plaintiff with Requests for Production, Interrogatories and Requests for Admissions on December 5, 2024. Plaintiff requested extensions of time to respond. Plaintiff provided its response until February 13, 2025. Plaintiff supplemented its response to Defendant Hey Dude's Interrogatories and Requests for Production on February 25, 2025. The Parties conducted a meet and confer regarding the Plaintiff's responses on March 5. Plaintiff's second supplement to Defendant Hey Dude's Requests for Production was received on March 10, 2025.

Plaintiff served Defendant Hey Dude with Requests for Admission, Interrogatories, and Requests for Production. Plaintiff also served Defendant Crocs with Requests for Admission, Interrogatories and Requests for Production. Defendants received these written discovery requests on March 10, 2025.

**B.     Description Of The Discovery That Remains To Be Completed.**

Defendants intend to take the deposition of Plaintiff Kevin Belt, and has proposed the date of April 4, 2025.  Based on the information learned in the Deposition, Defendants may need to conduct additional discovery, including issuing subpoenas and taking the depositions of witnesses identified during Plaintiff's deposition.

Plaintiff intends to take witness depositions and intends to file a motion to file an amended complaint.  Based on the information learned in the Depositions, Plaintiff may need to conduct additional discovery.

**C.     Reason the Remaining Discovery Cannot Be Completed Within the Time Limits Set By The Discovery Plan.**

On March 10, Plaintiff served Defendant Hey Dude with 38 Requests for Production, 51 Requests to Admit, and 50 Interrogatories and Defendant Crocs with 24 Requests for Production, 9

1 Requests to Admit and 23 Interrogatories. The Parties need additional time to meet and confer about
2 these requests. Further, Defendants anticipate requesting an extension of time within which to
3 respond given the scope and number of the requests.

4 The Parties also need additional time to complete the depositions in this case. Defendants
5 only recently received Plaintiff's supplemental responses to its discovery requests on March 10,
6 2025. Defendants intend to notice Plaintiff's deposition for April 4, 2025. Plaintiff has not yet
7 scheduled any depositions but intends to do so. Plaintiff also wants to file a motion to further amend
8 his complaint. To the extent either party needs to conduct additional discovery based on the outcome
9 of the depositions, additional time is required.

### D. There Is Just Cause to Extend The Deadlines.

This request for an extension of discovery is supported by good cause. The Parties have been actively litigating the case and the docket reflects active motion practice. Discovery was impacted while the Court considered Plaintiff's November Motion to Amend the Complaint. While that motion was pending, the Parties were uncertain what issues and facts would be subject to discovery. Despite that uncertainty, the Parties have been actively engaged in the written discovery.

The Parties submission of this stipulation to extend discovery within 21-days of the scheduled close of discovery is excusable. Plaintiff requested a 60-day extension of the discovery request on March 7. Counsel for Defendants was in a better position to prepare this stipulation given that Plaintiff is appearing *pro per*. As a result of travel schedules and other obligations, counsel for Defendant was not available to prepare this stipulation until March 20.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**E.      Proposed Schedule for Completing All Remaining Discovery.**

      **1.**      ***Discovery Cut-Off Date.*** The discovery cut-off deadline shall be **Monday, June 9, 2025.**[2]

      **2.**      ***Fed. R. Civ. P. 26(a)(2) Disclosures (Experts).*** The Parties propose that the disclosure of experts shall proceed according to Fed. R. Civ. P. 26(a)(2) and Local Rule 26-1(b)(3). In this regard, the Parties propose that the disclosure of primary or direct experts and their reports shall occur by **Friday**, **April 11, 2025,** 60-days before the proposed discovery cut-off date.  The disclosure of rebuttal experts and their reports shall be made by **Monday, May 12, 2025**,[3] 30-days after the initial disclosure of experts.

      **3.**      ***Dispositive Motions***. The deadline for filing dispositive motions is **Tuesday, July 8, 2025,** 30-days after the discovery-cutoff date.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] The close of discovery falls on Sunday, June 8, 2025. Thus, this deadline extends to the next court day, Monday, June 9, 2025, by operation of Fed. R. Civ. P. 6(a)(1)(C).

[3] The disclosure of rebuttal experts falls on Sunday, May 11, 2025. Thus, this deadline extends to the next court day, Monday, May 12, 2025, by operation of Fed. R. Civ. P. 6(a)(1)(C).

**4.** *Pretrial Order*. In the event a dispositive motion is filed, the Joint Pretrial Order will be due 30-days from a decision on the dispositive motion. In the event a dispositive motion is not filed, the deadline for the Joint Pretrial Order is **Thursday, August 7, 2025**, 30-days after the dispositive motion-deadline.

**IT IS SO STIPULATED.**

DATED this 21st day of March, 2025.

/s/ Kevin A. Belt
Kevin A. Belt
5421 E. Harmon Avenue
Apartment ZE16
Las Vegas, NV  89122
*In Pro Per*

DATED this 21st day of March, 2025.

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

/s/ Kathryn C. Newman
Suzanne L. Martin, NBN 8833
Kathryn C. Newman, NBN 7435
10801 W. Charleston Blvd., Suite 500
Las Vegas, NV  89135
*Attorneys for Defendants Crocs Inc. and Hey Dude Inc.*

**IT IS SO ORDERED.**

DATED: 3/24/2025

_____
UNITED STATES MAGISTRATE COURT JUDGE