1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Kevin Andrew Belt,

Plaintiff,

v.

Crocs, Inc.; Hey Dude Shoes,

Defendants.

Case No. 2:24-cv-00582-APG-DJA

**Order**

Before the Court is pro se Plaintiff Kevin Andrew Belt's motion to amend his complaint (ECF No. 40) and motion to file a supplemental pleading (ECF No. 41). However, Plaintiff has filed his motions after the deadline to amend pleading and add parties has passed. Additionally, Plaintiff has attached two different proposed amended complaints to his motions. The Court denies Plaintiff's motions for these reasons.

First, Plaintiff has sought to amend his complaint after the deadline to do so has passed. (ECF No. 28) (stipulated discovery plan setting the deadline to amend pleadings and add parties for January 9, 2025). When the deadline for amending pleadings under a scheduling order has passed, the Court's analysis must start with Federal Rule of Civil Procedure 16(b). *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Unlike Federal Rule of Civil Procedure 15(a)'s "liberal amendment policy[,] . . . Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment . . . [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (internal quotations and citations omitted); *see also Mammoth Recreations*, 975 F.2d at 609-10 (no good cause for amendment when movant knew of facts and theory from the beginning of the case and waited until four months after the deadline for amendments passed to move to amend).

1   Here, Plaintiff has not shown good cause for seeking to amend his complaint after the

2   deadline passed.  In his motion to amend, he explains that he recently learned of a new provision

3   of law, 42 U.S.C. § 1981, under which he could bring his claims.  He also seeks to add exhibits to

4   prove the amount of damages he is seeking.  However, Plaintiff provides no explanation about

5   when he learned about 28 U.S.C. § 1981, how, why he did not learn of it earlier, or why he has

6   been diligent in bringing his specific claims under it.  So, the Court cannot determine whether

7   Plaintiff has shown good cause or been diligent.  Additionally, Plaintiff may update the amount of

8   damages he is seeking by supplementing his initial disclosures rather than amending his

9   complaint.  *See* Fed. R. Civ. P. 26(a)(1)(iii); *see* Fed. R. Civ. P. 26(e).  So, his need to amend his

10  damages does not constitute good cause.  Additionally, in his motion to supplement, Plaintiff

11  seeks to add claims related to things that happened after he initiated this action, including his

12  termination.  However, in his motion, Plaintiff does not explain when these things happened or

13  why he could not amend his complaint to include them before the deadline.  Indeed, it appears

14  that Plaintiff alleges that he was terminated in November of 2024, before the deadline to amend

15  pleadings passed.  So, Plaintiff has not shown good cause to extend the deadline to amend

16  pleadings or add parties and the Court denies his motions for that reason.

17  Second, Plaintiff has sought to both amend his complaint and supplement his complaint

18  and has filed two separate proposed amended complaints.  However, a complaint must be

19  complete in itself.  *See* Local Rule 15-1.  The Court cannot piece together an amended complaint

20  from various sources.  Instead, any amended complaint must include all of the claims and facts

21  that Plaintiff seeks to add.  Because Plaintiff has attached two different proposed amended

22  complaints to his motions, instead of one complete proposed amended complaint, the Court

23  denies his motions.

24  Because the Court denies Plaintiff's motion to amend and motion to supplement for the

25  reasons outline above, it does not reach the merits of Plaintiff's motion to amend and motion to

26  supplement.  Additionally, the Court notes that, in his reply Plaintiff asks that the Court appoint

27  him counsel.  However, if Plaintiff seeks appointment of counsel, he must do so in a separate

28  motion that contains its own memorandum of points and authorities supporting his request.  *See*

LR IC 2-2(b) ("[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document"); *see* LR 7-2(a) (explaining that motions "must be supported by a memorandum of points and authorities"). Should Plaintiff seek to move for the Court to appoint him counsel, the Court informs Plaintiff that a litigant does not have a constitutional right to appointed counsel. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

IT IS THEREFORE ORDERED that Plaintiff's motion to amend (ECF No. 40) and motion to supplement (ECF No. 41) are **denied without prejudice.**

IT IS FURTHER ORDERED that the Clerk of Court is kindly directed to send Plaintiff a copy of this order.

DATED: May 6, 2025,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE